BROD (UNITED STATES v.). See Case No. 14,653.

## Case No. 1,918.

### In re BRODHEAD.

[3 Ben. 106; 2 N. B. R. 278 (Quarto, 93); 1 Chi. Leg. News, 107.][1]

District Court, E. D. New York. Dec. Term, 1868.

BANKRUPTCY—ASSIGNMENT WITHOUT PREFERENCE—INTENT OF BANKRUPT—PRESUMPTION.

Where a bankrupt, who had failed on Feb. 25th, 1868, on that day made an assignment of all his property for the benefit of all his creditors without preference, and on Feb. 29th, filed his petition in bankruptcy: *Held*, that even if the bankrupt could be allowed to show, that he had no intention, at the time of making his assignment, of filing a petition in bankruptcy, yet he had failed to show it. His denial of such intention, in the absence of any confirmatory circumstances, is not sufficient to repel the presumption which arises from the fact. That, therefore, his discharge must be refused.

[Cited in Re Rainsford, Case No. 11,537; Re Seeley, Id. 12,628.]

[In bankruptcy. In the matter of James Brodhead. Discharge refused.]

---

[2] [From 7 N. B. R. 595.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Chi. Leg. News, 107, contains only a partial report.]

BENEDICT, District Judge. This case comes before me upon specifications of certain objections to the discharge of the bankrupt. The main ground relied on in opposition to the discharge, arises under the first specification, which is, in substance, that the bankrupt, in contemplation of becoming bankrupt, made an assignment of his property for the purpose of preventing it from coming into the hands of the assignee in bankruptcy, and being distributed under the provisions of the bankruptcy act. The evidence bearing upon the specification as presented to me, consists solely of the testimony of the bankrupt given in writing, from which it appears that the bankrupt failed on the 25th day of February, 1868, for a large sum, and upon the same day executed a general assignment of all his property, then of the nominal value of over $100,000, and conceded to be of at least the value of $20,000, to one Peter Clogher, of Utica, in this state, in trust for the benefit of his creditors, without preference. The assignment has not been produced before me, but its contents and effect are stated by the bankrupt and conceded by the counsel to be as above. This assignment was recorded in the county of Kings, being the county of the bankrupt's residence, on the 28th of February, 1868, and on the next day the bankrupt filed his petition in the court, asking to be discharged of debts to the amount of half a million dollars, and averring that he had no property beyond a few articles of wearing apparel. Upon such a specification and such proofs, the only question which can be claimed to be open for consideration is as to the intent of the bankrupt in making his assignment to Clogher.

Assuming that the provision of section 29 of the bankruptcy act [14 Stat. 531], which forbids a discharge to a bankrupt who has made an assignment of his property in contemplation of bankruptcy, for the purpose of preventing his property from coming into the hands of the assignee, and being distributed under the act, refers to an intention to file a petition in bankruptcy; and assuming also, for the purpose of this case, that this bankrupt can be permitted to show that the actual, and, under the circumstances, the necessary result of making his assignment, was not intended by him, by proving that he had at that time no intention of filing a petition, still it is manifest that the facts conceded here cast upon the bankrupt the burden of showing the absence of that intent. That burden has not been discharged. It is true that the bankrupt denies, in the words of the act, the intention imputed to him, and declares that when he made the assignment he had no intention of filing a petition in bankruptcy, but he fails to show any change of circumstances between the making of his assignment on the 25th, and the filing of his petition on the 29th, which account for any change of intention. When he made his as-

signment he was hopelessly insolvent, and he must have known it, and his denial of any intention then to take advantage of the bankruptcy act, however positive, is not, in the absence of any confirmatory circumstances, sufficient to repel the strong presumption which arises from the conceded facts. Moreover, the declaration of the bankrupt that he concluded on the 29th to take the benefit of the act, because he saw statements in the newspapers that the fifty per cent. clause of the act would go into effect the next day, shows affirmatively the existence of a previous intention to take advantage of the act. It is, indeed, an extraordinary proposition that the bankrupt court can be asked to discharge a person from all his debts, who has, by an assignment to a private assignee, placed all his property where it can be administered only by the tribunals of the state. A system of bankruptcy, which would thus, in practice, permit a discharge of the debtor without a simultaneous administration and distribution of the property among the creditors, would be a monstrosity. Neither the spirit nor the letter of the present bankruptcy act permits such a proceeding. The discharge must be refused.